FINNER *v.* WEILNAU.

VENDOR AND PURCHASER — TRESPASS — INJUNCTION — GOOD-FAITH PURCHASER—NOTICE.

In a suit by the purchasers of a farm to restrain the removal of marl therefrom under a written lease which they claim is void as to them because not recorded (3 Comp. Laws 1915, § 11721), dismissal of the suit on the ground that plaintiffs had actual notice of the lease before purchasing is not disturbed on appeal.

Appeal from Monroe; Root (Jesse H.), J.   Submitted June 6, 1928.   (Docket No. 31, Calendar No. 33,781.)   Decided July 24, 1928.

Bill by William Finner and another against George

A. Weilnau and others to enjoin a trespass upon land. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Ralph S. Moore,* for plaintiffs.

*Clayton C. Golden* and *James J. Kelley,* for defendants.

FEAD, C. J.    This case presents a close question of fact.    On November 6, 1920, Marie Weilnau, since deceased, executed to the Southern Michigan Land-Lime Company, a partnership composed wholly or principally of her children and their husbands and wives, a 25-year lease for mining and removing marl from 11 acres of her land on royalty of 25 cents per ton.    The lessees conducted operations, built a shed 22 by 30 feet in size, and installed machinery therein. They accumulated a reserve stock of about 100 tons. In the spring of 1925, plaintiff Finner, looking to purchase a farm, came in contact with William Clime, a member of the marl partnership, and was shown the Weilnau farm, among others.    Clime reported Finner's interest to David Weilnau, administrator of his mother's estate, and the latter, on   June 10, 1925, wrote Finner, offering the farm of 151 acres for sale at $100 per acre, subject to tenant lease.    Weilnau, as administrator, had leased the land for one year from March 1, 1925.    Finner told Weilnau he would buy in accordance with the letter.    Weilnau exhibited to Finner his mother's deed, insurance policies, tax receipts, and the farm lease, but did not show him the marl lease.    He also furnished an abstract.    Both parties were represented by attorneys in the subsequent transactions.    The abstract needed correction in several particulars before it was acceptable.    The marl lease was not discussed with the attorneys.    On September 16, 1925, Weilnau, under order of the pro-

243—Mich.—40.

bate court, executed to plaintiffs an administrator's deed of the premises, subject to the tenant lease and with warranty against persons claiming "by, from or under me but against no other persons." The deed was recorded September 16, 1925.

Weilnau testified that he fully informed Finner of the marl lease before the purchase. Clime also said he told Finner about it when he first showed him the farm. Finner denied such information. Weilnau further said his attorney filed a document in the probate court referring to the marl lease but a copy of the document does not appear in the record. The attorneys did not testify. Weilnau's excuse for not excepting the marl lease in the deed to plaintiffs was that he thought it was of record, and that he had no concern with it as he had not executed it.

Plaintiffs make no claim of fraud. About December, 1925, George Weilnau offered to purchase from Finner at $2,000 more than he had paid. He also tried to buy a complete release of the marl royalty rights. Defendants continued to remove marl under their lease. In November or December, they offered plaintiffs the royalty on the marl removed. Finner refused it and denied their right. Defendants continuing to remove marl, plaintiffs, on May 24, 1926, began this action for injunction to restrain their trespassing on the premises or mining or removing marl, on the claim that, as subsequent purchasers in good faith, and their deed having prior record, the marl lease is void as to them. 3 Comp. Laws 1915, § 11721.

While Finner specifically denied that David Weilnau told him of the marl lease before the purchase, the furthest he would go regarding Clime was that he did not remember the latter's informing him of it. His claim that he saw the shed but made no inquiry regarding it when Clime was showing him

the farm does not sound quite true.   The price of $15,000 for the farm was a substantial one, hardly to be paid upon an inspection as casual as Finner said he made.   Clime was not extravagant in his testimony.   Finner's insistence upon dealing on the basis of Weilnau's letter rather indicates that he knew of the outstanding lease.

Upon the written record, the determination of the fact of Finner's notice is not entirely satisfactory and we feel that the opportunity the circuit judge had to view the witnesses renders his finding decisive.   He held that Finner had actual notice of the marl lease before the purchase.

The decree dismissing the bill is affirmed, with costs to defendants.

NORTH, FELLOWS, WIEST, CLARK, MCDONALD, POT-TER, and SHARPE, JJ., concurred.